IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM D. GIPSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-094 |
| | ) | |
| LT. WILCOX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff, an inmate at Hays State Prison in Trion, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair State Prison in Helena, Georgia, and Georgia State Prison in Reidsville, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.     SCREENING OF THE COMPLAINT

### A.     BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Lt. Wilcox; (2) Sgt. Jordan; (3) Warden Danforth, Warden at Telfair State Prison; (4) Sgt. Maddox; (5) Ofc. Crabbs; (6) Ofc. Dotson; and (7) Sgt. Shoemaker. (Doc. no. 1, pp. 1, 4, 5-6.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 15, 2013, at 9:45 p.m., Lt. Wilcox, Sgt. Jordan, and other officers watched and recorded eight to ten inmates attack Plaintiff and drag him to "E-Building." (Id. at 5.) After this incident, officials at Telfair State Prison and Georgia State Prison retaliated against Plaintiff in several ways. First, on July 30, 2013, Warden Danforth moved Plaintiff out of the cell he was sharing with another inmate who was attacked and into a dorm with other inmates, despite Plaintiff not feeling safe in a room with other inmates. (Id. at 6.)

Second, on July 31, 2013, Plaintiff tried to take a shower, but there "wasn't hardly any water coming out" of the showerhead. (Id. at 6, 21.) Plaintiff knocked on the door and informed Ofc. Crabbs, who told him to "deal with it." (Id.) Plaintiff asked Ofc. Crabbs to take him back to his room and give him grievance forms. (Id.) Ofc. Crabbs brought Plaintiff back to his cell and searched the cell before allowing Plaintiff inside. (Id.) Once inside, Plaintiff asked to speak to a supervisor and Ofc. Crabbs asked Plaintiff for the handcuffs he was wearing. (Id.) Plaintiff told Ofc. Crabbs he could have the handcuffs when the supervisor arrived because Plaintiff would have never spoken to a supervisor if he had let Ofc. Crabbs remove the handcuffs. (Id.) When Sgt. Maddox came to Plaintiff's cell and saw the situation, he went to retrieve a camera and "spray." (Id.) Sgt. Maddox turned on the camera and asked Plaintiff to remove the handcuffs, but sprayed Plaintiff before he could remove the handcuffs. (Id. at 6, 22.) When Plaintiff started "beating and kicking" on the door, Sgt. Maddox removed him from the cell and took him to the shower. (Id.)

Third, Plaintiff was removed from his vegan diet from July 30 through August 7, 2013, and transferred to Georgia State Prison. (Id. at 6.) Once at Georgia State Prison, he was placed on the medical lockdown dorm for a number of weeks and was not given a pair of extra clothes

so that he could take a shower. (Id.) When Plaintiff complained to Ofc. Dotson about this, Ofc. Dotson informed Sgt. Shoemaker, who sprayed mace into Plaintiff's cell without any warning. (Id.)

Plaintiff seeks relief in the form of money damages, including compensatory damages and court costs. (Id. at 8.)

## B. DISCUSSION

### 1. Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not

3

require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Must Bring His Claims Against Georgia State Prison Officials in the Statesboro Division.

A portion of Plaintiff's claims consists of allegations that occurred during his incarceration at Georgia State Prison. However, these claims are unrelated to his claims arising out of events at Telfair State Prison, and they therefore may not be joined in this action. There are two requirements for joinder under Rule 20: (1) all claims against joined defendant must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000),

4

*overruled on other grounds by* <u>Manders v. Lee</u>, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*)). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." <u>Alexander</u>, 207 F.3d at 1323. Under the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." <u>Construction Aggregates, Ltd. v. Forest Commodities Corp.</u>, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); <u>Tarver v. Owens</u>, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same). A logical relationship exists when the claims depend upon the same set of facts, or the facts of one claim "activate additional legal rights supporting the other claim." <u>Smith</u>, 728 F. Supp. 2d at 1319.

Here, the claims that Plaintiff attempts to assert regarding his lockdown, failure to receive an extra pair of clothes, and retaliation for asking for an extra pair of clothes at Georgia State Prison are not sufficiently related to his other claims, which concern his confinement at Telfair State Prison, because they involve different time-frames, prisons, and defendants. Additionally, Georgia State Prison is located in Reidsville, Georgia, in the Statesboro Division of the Southern District of Georgia, whereas Telfair State Prison is located in the Dublin Division. Under this Court's Local Rules, venue is appropriate in this division for an action consisting of claims against prison officials at Telfair State Prison, but the Statesboro division is the proper venue for claims arising out of events at Georgia State Prison. <u>See</u> Loc. R. 2.1.

Thus, Plaintiff must bring his unrelated claims against individuals at Georgia State Prison, including Ofc. Dotson and Sgt. Shoemaker, in a separate lawsuit in the Statesboro Division.

### 3. Plaintiff Fails to State a Claim for Retaliation.

Plaintiff alleges that because he filed grievances (1) Defendant Danforth moved him out of his cell on July 30, 2013, (2) he did not receive his vegan diet from July 31, 2013, through August 7, 2013, and (3) he was transferred to Georgia State Prison. (Id. at 6.) Plaintiff also asserts that Defendant Maddox sprayed him because he exercised his right to ask Ofc. Crabbs to take another shower. (Id.)

Under the First Amendment, prison officials may not retaliate against inmates for exercising the right of free speech. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). "To prevail on a retaliation claim, the inmate must establish that: '(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech . . . .'" O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011).

Plaintiff's allegations fail to state a claim for retaliation. First, as to Defendant Danforth moving Plaintiff to another cell, even if the Court were to assume that this constitutes retaliatory conduct, Plaintiff has failed to show that he suffered any adverse action as a result of being moved. See Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005) (finding plaintiff suffers adverse action if defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights). Indeed, Plaintiff merely states that he felt safer in his old cell because of the alleged assault, but does not say that he actually suffered any harm in his new cell.

Second, as to Plaintiff's allegations of not receiving his vegan diet for a week and being transferred to a new prison, Plaintiff merely postulates that these actions were retaliatory because he filed grievances. (Doc. no. 1, p. 6.) However, this assertion does not raise Plaintiff's conclusory allegations above the speculative level. See Williams v. Brown, 347 F. App'x 429, 435 (11th Cir. 2009) (citing Twombly, 550 U.S. at 555); Adams v. James, 784 F.2d 1077, 1082 (11th Cir. 1986) ("[I]t does not follow that every time a prisoner [engages in protected speech], the act of doing so gives the prisoner first amendment rights and renders the exercise of prison authority suspect.") Indeed, Plaintiff has not alleged any facts or events that would indicate the presence of retaliatory animus, such as a prison official demanding that Plaintiff stop submitting grievances. O'Bryant, 637 F.3d at 1219.

Third, as to Defendants Maddox and Crabbs, Plaintiff vaguely asserts that Sgt. Maddox sprayed him because he "exercised [his] right to ask Ofc. Crabbs to take another shower." (Id.) Even if the Court were to assume that his request to take another shower were constitutionally protected speech, Plaintiff has again failed to establish a causal connection between his request to take another shower and being sprayed with mace. Plaintiff concedes that Sgt. Maddox warned Plaintiff that he would be sprayed because he would not take off the handcuffs, not because he requested to take another shower. Id. ("[E]ven assuming *arguendo* that O'Bryant has shown that Defendants Herring and Baines were subjectively motivated to discipline O'Bryant because of his grievances, the record shows the defendants would have taken the same disciplinary actions in the absence of O'Bryant's protected activity.")

In sum, Plaintiff fails to state a claim for retaliation against Defendants Danforth, Maddox, and Crabbs. In a companion Order, the Court allows Plaintiff to proceed with his Eighth Amendment deliberate indifference claims against Defendants Wilcox and Jordan.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Danforth, Maddox, Crabbs, Dotson, and Shoemaker be **DISMISSED** from this case, and that Plaintiff's claims for retaliation and against Georgia State Prison officials be **DISMISSED**.

SO REPORTED and RECOMMENDED this 4th day of November, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA