IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM D. GIPSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-094 |
| | ) | |
| LT. RICKEY WILCOX | ) | |
| and SGT. KAREN JORDAN, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Hays State Prison in Trion, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events that allegedly took place at Telfair State Prison in Helena, Georgia. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on Defendants' pre-answer motion to dismiss. (Doc. no. 33.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** (doc. no. 33) and that this case be **DISMISSED** and **CLOSED**.

## I. BACKGROUND

Plaintiff alleges that on July 15, 2013, at 9:45 p.m., Defendants Wilcox and Jordan, among other officers, watched and recorded eight to ten inmates attack Plaintiff and drag him to "E-Building." (Id. at 5.) Plaintiff seeks relief in the form of money damages, including

compensatory damages and court costs. (Id. at 8.)

In support of their motion to dismiss, Defendants submitted documents showing Plaintiff's grievance history to be as follows. Plaintiff filed grievance number 153191 on July 17, 2013, raising the issue concerning Defendants' alleged failure to intervene during his assault by other inmates. (Doc. no. 33-5, p. 3.) Subsequently, Plaintiff was transferred to Georgia State Prison. On August 26, 2013, while at Georgia State Prison, William Danforth, Warden of Telfair State Prison, rejected this grievance after an investigation into the incident. (See id. at 2, 4-8.) Plaintiff signed for the denial of this grievance on September 11, 2013. (See id. at 8.) Plaintiff's grievance history shows that Plaintiff took no further action with this grievance. (See doc. no. 33-4, p. 2.) According to the affidavit of Deondrick Clemons, the Grievance Coordinator at Telfair State Prison, grievance number 153191 was the only grievance Plaintiff filed complaining about Defendants' alleged failure to protect him from other inmates. (Doc. no. 33-2, "Clemons Aff.," ¶ 14-16; doc. no. 33-4; doc. no. 33-5.)

Plaintiff asserts in response that he filed an appeal of the denial of his grievance on September 12, 2013 with Chief Counselor Smith at Georgia State Prison. (Doc. no. 40, p. 3-4.) When he did not receive an answer to the appeal, Plaintiff asked Counselor Perrish several times about the status of his appeal. (Id.) Counselor Perrish never answered Plaintiff, so Plaintiff requested a copy of his grievance history, which purportedly shows that his appeal was rejected. (Id. at 4.) Plaintiff asserts that this proves his appeal never made it to the central office. Plaintiff wrote Mr. Smith and spoke to Mr. Perrish, inquiring about why his appeal was rejected, but was never given an answer. (Id. at 4.) Nevertheless, Plaintiff

2

concludes that his grievance history shows that his appeal was rejected and he, therefore, has exhausted his administrative remedies. (Id. at 4.) The Court finds, as explained below, that Plaintiff has failed to exhaust his administrative remedies and thus recommends dismissal solely on this threshold issue.

## II. DISCUSSION

### A. Defendants' Motion to Dismiss Should Be Granted Because Plaintiff Failed to Exhaust His Administrative Remedies.

#### 1. The Legal Framework

Where, as here, Defendants have filed a motion to dismiss based on failure to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions. First, the court looks to the factual allegations made by both parties, taking the plaintiff's version as true where they conflict, and if in that light the complaint is subject to dismissal for failure to exhaust administrative remedies, Defendants' motion will be granted. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted)). If the complaint is not subject to dismissal at the first step, then at step two the court makes specific findings to resolve the disputed factual issues, with Defendants bearing the burden of proving that Plaintiff has failed to exhaust his administrative remedies. Id. Based on its findings as to the disputed factual issues, the court determines whether the prisoner has exhausted his available administrative remedies and thus whether the motion to dismiss should be granted. Id. Because exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so

long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he does not satisfy the exhaustion requirement. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Finally, under the

4

PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

### 2. The Administrative Grievance Procedure

The administrative grievance procedure applicable in this case is governed by the DOC's Standard Operating Procedure ("SOP") IIB05-0001. (See doc. no. 33-3.) Inmates are encouraged to resolve complaints on an informal basis before filing a grievance, however this step is not required. SOP IIB05-0001 § VI(A)(4). The administrative remedies procedure commences with the filing of the Original Grievance. An inmate may file a grievance "about any condition, policy, procedure, or action or lack thereof that affects the offender personally." Id. § VI(B)(1). The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the Original Grievance and give it to a Counselor. Id. § VI(D)(1)-(5). "The complaint on the Grievance Form must be a single issue/incident." Id. § VI(D)(2). Once the Counselor gives the grievance to the Grievance Coordinator, they will screen it in order to determine whether to accept it or recommend that the Warden reject it. Id. § VI(D)(5). If the Warden rejects the grievance, the inmate may appeal the rejection to the Central Office. Id. § VI(D)(5)(f).

If the Grievance Coordinator accepts the grievance or the Warden rejects the coordinator's recommendation, the Grievance Coordinator will appoint a staff member to investigate the complaint. Id. § VI(D)(6). After the staff member prepares a report, the

5

Grievance Coordinator submits a recommended response to the Warden. Id. The Warden or their designee reviews the grievance, the report, and the recommendation and issues a decision in writing. Id. The Warden has forty days from the date the offender gave the Original Grievance to the Counselor to deliver a decision. Id. § VI(D)(7).

The inmate then has seven calendar days from the date he receives the Warden's response to file a Central Office Appeal to the Office of the Commissioner, but this time limit may be waived for good cause. Id. § VI(E)(2). If the Original Grievance is rejected, or if the time allowed for a response to the Original Grievance has expired without action, the offender may file a Central Office Appeal. Id. §§ VI(E)(3)-(4). The Office of the Commissioner or his designee then has 100 calendar days after receipt of the grievance appeal to deliver a decision to the offender. Id. § VI(E)(7).

### 3. Plaintiff's Failure to Exhaust

Here, Plaintiff's claim should be dismissed because Defendants have met their burden of proving Plaintiff failed to exhaust his administrative remedies by producing Plaintiff's grievance history, which, contrary to Plaintiff's assertion, establishes that he did not appeal grievance number 153191. (See Clemons Aff., ¶ 18; doc. no. 33-4, p. 2; doc. no. 33-5.) Because Plaintiff did not complete the administrative exhaustion process prior to initiating this lawsuit, his complaint must be dismissed. Poole, 312 F. App'x at 166; see also Higginbottom, 223 F.3d at 1261.

When Defendants moved to dismiss, Plaintiff opposed the motion with unsubstantiated assertions that (1) he submitted his appeal of grievance number 153191 to Chief Counselor Milton Smith at Georgia State Prison on September 12, 2013; (2) he wrote

6

Chief Counselor Smith and spoke with Counselor Perrish about the status of his appeal; and (3) even though he suspected his appeal was not submitted to the central office, states his grievance history shows that his appeal was denied. (See doc. no. 40, pp. 3-4.) However, Defendants have produced a copy of Plaintiff's grievance history showing that Plaintiff did not appeal grievance number 153191. (See Clemons Aff., ¶ 18; doc. no. 33-4, p. 2; doc. no. 33-5.) Plaintiff has produced nothing to rebut Defendants' documentation on this point. Indeed, although Plaintiff attached an exhaustive amount of documentation to his complaint showing his grievance of this matter and later matters after he was transferred to Georgia State Prison, there is no documentation of his appeal or the letters he wrote to Chief Counselor Smith. (See doc. no. 1, pp. 11-39.) Nor did Plaintiff attach any documentation to his response to Defendants' motion to dismiss. (See doc. no. 40.)

Additionally, to the extent Plaintiff is alleging that the appeal process was unavailable to him at Georgia State Prison, it is clear from Plaintiff's grievance history that he has had no problem completing the administrative grievance process. Indeed, Plaintiff filed two unrelated grievances during the time he was utilizing the administrative grievance process for the claims in this complaint, one while he was still incarcerated at Telfair State Prison and the other at Georgia State Prison, both of which he appealed. (See doc. no. 33-4, p. 2.) Therefore, the grievance appellate process was fully available to Plaintiff during this time and he utilized it several times.

As Plaintiff did not appeal the denial of his grievance related to the claims against Defendants, Plaintiff failed to satisfy the exhaustion requirement. Johnson, 418 F.3d at 1159. Therefore, Defendants' motion to dismiss should be granted. In light of the Court's

7

conclusion that Defendants' motion to dismiss should be granted due to Plaintiff's failure to exhaust his administrative remedies, it is unnecessary to address the merits of Defendants' additional argument that Plaintiff failed to allege that he sustained any specific physical injury.

### III. CONCLUSION

For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** (doc. no. 33) and that this case be **DISMISSED** and **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of April, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA